## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JACKSON HEWITT INC.,** | |
| *Plaintiff*, | Civil Action No. 14-1431 |
| v. | OPINION |
| **DM PROFESSIONAL SERVICES, INC.,** et al., | |
| *Defendants*. | |

ARLEO, UNITED STATES DISTRICT JUDGE

This matter comes before the Court by way of Plaintiff Jackson Hewitt Inc.'s ("Jackson Hewitt") motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). Dkt. No. 60. For the reasons stated below, the motion is **GRANTED**.

## I.    BACKGROUND

Jackson Hewitt is a Virginia corporation with its principal place of business in Parsippany, New Jersey. Compl. ¶ 1, Dkt. No. 1. It is a franchisor of income tax preparation businesses. Id. Defendant DM Professional Services, Inc. ("DM") is a New York corporation with its principle place of business in New York. Id. ¶ 2. Beginning in 2006, Jackson Hewitt and DM entered into four virtually identical franchise agreements ("Franchise Agreements") for the operation of Jackson Hewitt tax businesses within four different geographic territories in New York. Id. ¶¶ 8, 17, 23-26, 33, 39. The parties entered into the agreements on approximately February 14, 2006 ("NY286 Agreement"), April 30, 2007 ("NY288 Agreement"), December 10, 2007 ("NY289 Agreement"), and January 28, 2008 ("NY285 Agreement"). Id. Additionally, DM entered into

1

four promissory notes ("Notes") in favor of Jackson Hewitt.   The Notes are dated April 30, 2007, January 28, 2008, September 15, 2008, and November 12, 2008.   Id. ¶¶ 45-48.

On July 28, 2011, Jackson Hewitt sent DM a letter stating that DM was in default of the NY285 Agreement for failure to prepare a sufficient number of tax returns in the territory during the tax season.   Id. ¶ 58.   The default letter further advised DM that unless it wished to excuse its non-performance by petitioning Jackson Hewitt within fourteen days, Jackson Hewitt would terminate the NY285 Agreement and DM's rights thereunder.   Id.   DM failed to petition Jackson Hewitt that it wished to excuse its nonperformance.   Id. ¶ 59.   By letter dated August 31, 2011, Jackson Hewitt informed DM that, effective immediately, Jackson Hewitt was terminating the NY285 Agreement.   Id. ¶ 60.

On May 30, 2013, Jackson Hewitt sent DM letters stating that DM was in default of the NY288 and NY289 Agreements for failure to maintain at least one franchised location in the NY288 territory and failure to prepare the required number of individual federal tax returns in the NY289 territory during the tax season.   Id. ¶¶ 61-62.   The default letters further advised DM that it could seek to excuse non-performance by submitting business improvement plans. However, Jackson Hewitt retained the right to terminate the NY288 and NY289 Agreements if the business improvement plans were rejected.   Id.

On June 7th, Jackson Hewitt sent DM a letter stating that DM was in default of the NY286 Franchise Agreement for failure to maintain at least one franchised location in the NY286 territory during the tax season.   Id. ¶ 63.   The default letter further advised DM that it could seek to excuse non-performance by submitting a business improvement plan. However, Jackson Hewitt retained the right to terminate the NY286 Agreement if the business improvement plan was rejected.   Id.

2

DM submitted a business improvement plan that was subsequently rejected by Jackson Hewitt as being inadequate.   Id. ¶ 64.   By letters dated August 16, 2013, Jackson Hewitt terminated the NY288, NY289, and NY286 Agreements.   Id. ¶ 65.

Upon termination of the Franchise Agreements, Defendant was obligated to comply with a number of post-termination obligations.   Id. ¶ 67.   Paragraph 20.3(a)-(j) in each Franchise Agreement details DM's obligations in the event of termination, and requires immediate payment of all amounts due and owing under the Franchise Agreements and all collateral agreements, including the Notes.   Id.; Declaration of Victoria McShane (McShane Decl.) Exs. 1-4 ¶ 20.3, Dkt. No. 60-5.   DM has failed to pay all money owed pursuant to the Franchise Agreements and the Notes.   Compl. ¶¶ 68, 70.

Jackson Hewitt filed the instant lawsuit on March 6, 2011, seeking to recover all amounts due.   Dkt. No. 1.   On June 24, 2015, the Court advised pro se Defendant Denise McFadden—the guarantor of DM's obligations under the Franchise Agreements—that Defendant DM, a corporation, could not appear pro se.   See Order Striking Answer to Compl., Dkt. No. 58.   The Court ordered DM to appear by counsel no later than July 27, 2015.   See Id.   On August 19, 2015, a conference call was held and Defendant McFadden informed the Court that she would be unable to retain counsel for Defendant DM, and acknowledged to the Court that she was aware this failure to retain counsel may result in a judgment against DM.   See Id.   On September 25, 2015, the Court struck the answer to the Complaint as to DM, and ordered the Clerk of the Court to enter default against DM.   Id.

## II.   STANDARD OF REVIEW

"The district court has the discretion to enter default judgment, although entry of default

judgments is disfavored as decisions on the merits are preferred." <u>Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp.</u>, 596 F. Supp. 2d 842, 847 (D.N.J. 2008). Before entering default judgment the court must: (1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages.  <u>See</u> <u>Chanel, Inc. v. Gordashevsky</u>, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008); <u>Wilmington Savings Fund Soc., FSB v. Left Field Props., LLC</u>, No. 10-4061, 2011 WL 2470672, at *1 (D.N.J. June 20, 2011).   Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages.  <u>See</u> <u>Comdyne I, Inc. v. Corbin</u>, 908 F.2d 1142, 1149 (3d Cir. 1990).

Additionally, prior to granting default judgment, the Court must make explicit factual findings as to: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default.  <u>Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds</u>, 250 F.R.D. 171, 177 (D.N.J. 2008).

### III.   ANALYSIS

### A.  Jurisdiction & Service

The Court has both subject matter jurisdiction over this dispute and personal jurisdiction over Defendant.   Subject matter jurisdiction here is present pursuant to diversity under 28 U.S.C. § 1332.   The Court also has personal jurisdiction over Defendant based upon consent to jurisdiction in this district in the Franchise Agreements.  <u>See</u> McShane Decl. Exs. 1-4 ¶ 28.2. Plaintiff provided the Court with proof of service of Defendant at the home address of Defendant's

authorized agent in Mount Vernon, New York.   See Aff. of Service, Dkt. No. 5.   Thus, the Court

is satisfied that it has jurisdiction to enter default judgment and that Defendant was properly served.

### B.  Liability

"A consequence of the entry of a default judgment is that the factual allegations of the

complaint, except those relating to the amount of damages, will be taken as true."   Comdyne I,

908 F.2d at 1149.   The Complaint pleads facts which, taken as true, establish Defendant's liability

for breach of contract.[1]

In New Jersey, a plaintiff must allege three elements to state a cause of action for breach

of contract: (1) a valid contract, (2) breach of that contract, and (3) damages resulting from that

breach.   Ramada Worldwide Inc. v. Courtney Hotels USA, LLC, No. 11-896, 2012 WL 924385,

at *3 (D.N.J. Mar. 19, 2012).   Here, Plaintiff has alleged that (1) there was a contractual

relationship based on the Franchise Agreements and promissory notes, Compl. ¶¶ 8, 17, 23-26, 33,

39, 45-48, 67; (2) Defendant breached the contract when it failed to meet performance criteria and

remit required payments, id. ¶¶ 10-11, 58-65, 68, 70; and (3) Plaintiff suffered resulting damages

in the amount of $169,379.08, id. ¶¶ 12, 66, 76, 81.   Therefore, Plaintiff has sufficiently alleged

a cause of action for breach of contract.

### C.  Appropriateness of Default Judgment

Next, the Court must consider: (1) whether the party subject to the default has a meritorious

defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability

of the party subject to default.   Doug Brady, 250 F.R.D. at 177.   The Court concludes that in the

---

[1] Plaintiff's other causes of action—including unjust enrichment—would not alter the damages in
this case, so the Court does not analyze the sufficiency of those pleadings.

absence of any responsive pleading and based upon the facts alleged in the Complaint, Defendant does not have a meritorious defense.   See Ramada, 2012 WL 924385, at *5.   Second, the Court finds that Plaintiff will suffer prejudice absent entry of default judgment as it would have no other means of obtaining relief.   Finally, the Court finds the Defendant acted culpably as it has been served with the Complaint, is not an infant or otherwise incompetent, and is not presently engaged in military service.   See Declaration of John F. Dienelt, Esq. ("Dienelt Decl.") ¶ 10; Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 523 (3d Cir. 2006) (holding that a defendant's failure to respond to communications from the plaintiff and the court can constitute culpability).

### D.  Monetary Damages

Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, Plaintiff must prove damages.   See Comdyne I, 908 F.2d at 1149.   Plaintiff seeks a default judgment in the amount of $279,196.93.   Mot. for Default J. at 7, Dkt. No. 60.   This amount comprises (1) $230,523.04 in fees owed under the Franchise Agreements, and (2) $48,673.89 in attorneys' fees and costs.

Damages owed for breaching the Franchise Agreements include a principal of $169,379.08 in charges that became due or were due at the time the franchise agreements were terminated. Plaintiff proves the principal amount by providing an itemized list of past due royalty fees, advertising and marketing fees, electronic filing fees, installation fees, and outstanding billed promissory notes balances.   McShane Decl. Ex. 12.   Plaintiff's contractual damages also include interest.   Per section 8.4 of the Franchise Agreements, Plaintiff is entitled to prejudgment interest accruing daily with respect to past due fees and promissory note balances at a contractually agreed

6

upon rate of 18% per year.   Id. Exs. 1-4 ¶ 8.4.   As of the date of Plaintiff's Motion for Default Judgment, September 25, 2015, interest had accrued in the amount of $61,143.96 and continues to accrue.   Id. ¶¶ 25-26.   Combining the principal outstanding balance and the accrued interest equals the $230,523.04 that Plaintiff requests as damages.

Plaintiff also requests attorneys' fees and costs.   Under Paragraph 28.18 of the Franchise Agreements, "[t]he non-prevailing party will pay all costs and expenses, including reasonable attorneys' fees and court costs, incurred by the prevailing party to enforce this Agreement or any Collateral Agreement including collection of amounts owed under this Agreement or a Collateral Agreement."   McShane Decl. Exs. 1-4 ¶ 28.18.   Attorneys' fees clauses are enforceable under New Jersey law.   McGuire v. City of Jersey City, 125 N.J. 310, 326 (N.J. 1991).   Federal Rule of Civil Procedure 54 further provides that "costs—other than attorney's fees—should be allowed to the prevailing party."   Fed. R. Civ. P. 54(d)(1).   Plaintiff proves the amount sought.   Based on the review of supporting documentation detailing these fees and costs, Plaintiff's request for $46,850.00 in attorneys' fees and $1,823.89 in costs is reasonable.[2]   See Dienelt Decl. Accordingly, Plaintiff has proven all damages requested, which totals $279,196.93.

**IV.   CONCLUSION**

For the foregoing reasons, Plaintiff's motion for default judgment is **GRANTED**.   An appropriate order accompanies this opinion.

Dated: April 28, 2016                          */s Madeline Cox Arleo*
                                               **MADELINE COX ARLEO**

---

[2] Although the requested fees are higher than those typically awarded in default judgment cases, this action been significantly lengthier and more complicated than is ordinary.   The Complaint was filed more than two years ago and Defendants answered and contested it before ultimately defaulting.

**United States District Judge**